UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT FLAHERTY,

        Plaintiff,

   vs.

ILLINOIS NATIONAL GENERAL
INSURANCE COMPANY,

        Defendant.
_____/

Case No. 15-12033

HON. GEORGE CARAM STEEH

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT (DOC. 16)

This matter is before the court on Defendant's motion for summary judgment. Plaintiff, Robert Flaherty, initially brought this action against Defendant, Illinois National General Insurance Company, in Livingston County Circuit Court to recover personal injury protection (PIP) benefits. Defendant removed the action to this court. On April 1, 2016, Defendant filed a motion for summary judgment. The court heard oral argument on the motion on June 29, 2016. For the reasons stated in the court's opinion, Defendant's motion for summary judgment is GRANTED.

Statement of Facts

Plaintiff was a long-haul trucker employed by Larsen Trucking, Inc. Plaintiff dispatched from Pendleton, Oregon with his traveling companion, Sandra Bouwer, to deliver a shipment to Joliet, Illinois. On February 12, 2014 at 11:00pm, Plaintiff and Bouwer stopped at a Pilot Truck Stop in Elm Creek Nebraska to rest for the night. The semi-truck Plaintiff was driving had living quarters, which included a bed, a television,

and a refrigerator. Plaintiff and Bouwer went to sleep in the cab around midnight. At 4:00 am Plaintiff and Bouwer awoke to find the entire living quarters filled with black smoke. The truck was on fire. Plaintiff jumped from the burning truck. Plaintiff allegedly sustained injuries as a result of inhaling smoke and jumping from the truck. When Defendant denied Plaintiff PIP benefits, Plaintiff filed the instant suit.

## Legal Standard

Federal Rule of Civil Procedure 56(c) empowers the court to render summary judgment "forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *See Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001). The Supreme Court has affirmed the court's use of summary judgment as an integral part of the fair and efficient administration of justice. The procedure is not a disfavored procedural shortcut. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986); *see also Cox v. Kentucky Dept. of Transp.*, 53 F.3d 146, 149 (6th Cir. 1995).

The standard for determining whether summary judgment is appropriate is "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Amway Distributors Benefits Ass'n v. Northfield Ins. Co.*, 323 F.3d 386, 390 (6th Cir. 2003) (*quoting Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The evidence and all reasonable inferences must be construed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Redding*, 241 F.3d at 532 (6th Cir. 2001). "[T]he mere existence of

*some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original); *see also National Satellite Sports, Inc. v. Eliadis, Inc.*, 253 F.3d 900, 907 (6th Cir. 2001).

If the movant establishes by use of the material specified in Rule 56(c) that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law, the opposing party must come forward with "specific facts showing that there is a genuine issue for trial." *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 270 (1968); *see also McLean v. 988011 Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). Mere allegations or denials in the non-movant's pleadings will not meet this burden, nor will a mere scintilla of evidence supporting the non-moving party. *Anderson*, 477 U.S. at 248, 252. Rather, there must be evidence on which a jury could reasonably find for the non-movant. *McLean*, 224 F.3d at 800 (*citing Anderson*, 477 U.S. at 252).

<u>Analysis</u>

MCL 500.3105(1) establishes that "[u]nder personal protection insurance an insurer is liable to pay benefits for accidental bodily injury arising out of the ownership, operation, maintenance or use of a motor vehicle *as a motor vehicle* . . . ." (emphasis added). The argument in this case revolves around the clause "as a motor vehicle." Specifically, Plaintiff argues that his use of the semi-truck for sleeping during a long trip was use of the truck "as a motor vehicle." Therefore, according to Plaintiff, he is entitled to benefits under the statute for injuries sustained escaping the burning truck.

Defendant argues that using the living quarters of a semi-truck for sleeping is not use of the truck "as a motor vehicle" and is not compensable under the statute.

The Michigan Supreme Court established a three-step analysis for determining whether insurance coverage applies to an injury involving a parked vehicle. The claimant must demonstrate that "(1) his conduct fits one of the three exceptions of subsection 3106(1); (2) the injury arose out of the ownership, operation maintenance, or use of the parked motor vehicle as a motor vehicle, and (3) the injury had a casual relationship to the parked motor vehicle that is more than incidental fortuitous, or but for." *Putkamer v. Transamerica Ins. Corp. of Am., 454 Mich. 626, 634 (1997)*. In *McKenzie v. Auto Club Ins. Ass'n*, 458 Mich. 214 (1998) the Michigan Supreme Court refined this analysis by requiring that the injury be "closely related to the transportational function of motor vehicles." The *McKenzie* court did not, however, overturn *Putkamer* because the injuries in that case were "incurred while entering a vehicle with the intent to travel" and therefore arose out of the transportational function of the motor vehicle. *Id.*

Because *McKenzie* is factually similar to the matter at hand, the court finds that case particularly instructive. In *McKenzie*, plaintiff was sleeping in a camper trailer while on a hunting trip. *Id.* at 216. The trailer was attached to a pickup truck. *Id.* Carbon monoxide entered into the cabin of the trailer, injuring plaintiff and causing him to be hospitalized. *Id.* Plaintiff filed suit against defendant to recover PIP benefits. *Id.* The Supreme Court of Michigan held that "[w]hether an injury arises out of the use of a motor vehicle 'as a motor vehicle' turns on whether the injury is closely related to the transportational function of automobiles." *Id.* at 215. In analyzing the language of MCL 500.3105(1), the court explained:

> As a matter of English syntax, the phrase "use of a motor vehicle 'as a motor vehicle'" would appear to invite contrasts with situations in which a motor vehicle is not used "as a motor vehicle." This is simply to say that the modifier "as a motor vehicle" assumes the existence of other possible uses and requires distinguishing use "as a motor vehicle" from any other uses. While it is easily understood from all our experiences that most often a vehicle is used "as a motor vehicle," i.e., to get from one place to another, it is also clear from the phrase used that the Legislature wanted to except those other occasions, rare as they may be, when a motor vehicle is used for other purposes, e.g., as a housing facility of sorts . . . . On those occasions, the use of the motor vehicle would not be "as a motor vehicle," but as a housing facility . . . .

*Id.* at 218-19. The injuries Plaintiff, in this case, sustained were not "closely related to the transportational function of automobiles." Plaintiff was, instead, using the semi-truck as a "housing facility" when a fire started causing Plaintiff to sustain the alleged injuries.

Plaintiff relies on *Bialochowski v. Cross Concrete Pumping Co.*, 428 Mich. 219, (1987), to argue that the court should take into consideration the intended use of the vehicle at issue. In that case, plaintiff was injured while pouring concrete. *Id.* at 223. The Michigan Supreme Court held that pouring concrete was a "use of a motor vehicle as a motor vehicle" within the meaning of MCL 500.3105(1). The court reasoned that, "one of the intended uses of this motor vehicle (a motor vehicle under the no-fault act) is to pump cement. The accident occurred while this vehicle was being used for its intended purpose." *Id.* at 228. The *McKenzie* court, however, found that *Bialochowski* was "wrongly decided" because the drafters of MCL 500.3105(1) limited that sections coverage to use of a motor vehicle "as a motor vehicle." 458 Mich. at 224. Therefore, "a decision finding coverage for injuries arising out of any other use, e.g., to pump cement, is contrary to the language of the statute." *Id.*

Plaintiff also attempts to distinguish the present matter from *McKenzie* arguing that an insurance company does not contemplate a pickup truck hauling a trailer, like the one used in *McKenzie*, when making its insurance determination; whereas an insurance company does contemplate the living quarters of semi-truck when making its insurance determination. Plaintiff does not, however, provide any evidence that insurance companies make determinations in this manner. Regardless, the *McKenzie* court was clear that the intended purpose of the vehicle is immaterial. The only relevant consideration is whether the vehicle was being used "as a motor vehicle" when the injury occurred. The alleged injuries in the case at hand are not injuries for which Plaintiff is entitled to PIP benefits under MCL 500.3105(1). There is no dispute as to any material fact; so summary judgment is appropriate.

IT IS ORDERED that Defendant's motion for summary judgment is GRANTED.

Dated: July 1, 2016

                                       s/George Caram Steeh
                                       GEORGE CARAM STEEH
                                       UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
July 1, 2016, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk